IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA FOREACRE,<br>*Plaintiff*, | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | |
| WAL-MART STORES, INC. *et al.*,<br>*Defendants* | : <br> : <br> : | NO. 22-4231 |

## MEMORANDUM

PRATTER, J.                                                                             JANUARY 26, 2023

Defendants have a limited window during which they can remove certain cases from state court to federal court. But plaintiffs cannot narrow that period by drawing the blinds on information supporting removability, thereby obscuring the opening of the window.

Linda Foreacre filed a complaint in state court, alleging that she sustained injuries in a Walmart retail store while she was a business invitee. Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP[1] removed the action to this Court. Ms. Foreacre subsequently filed a motion to remand the action. The Court denies Ms. Foreacre's motion.

### BACKGROUND

On September 9, 2020, Ms. Foreacre was shopping in a Walmart store located in Glenolden, Pennsylvania, when a Walmart employee in the adjacent aisle allegedly pushed a box containing a griddle pan from the top shelf, causing the pan to fall directly onto Ms. Foreacre. Ms. Foreacre contends that she sustained injuries to her head and neck, shock to her nerves and nervous systems, and other injuries not yet fully determined, "causing great pain and suffering, preventing [her] from attending [her] usual duties and occupation, all of which may be permanent." Compl. ¶ 12.

---

[1]      The Court refers to Wal-Mart Stores, Inc. and Wal-Mart Stores East collectively as "Walmart."

On June 10, 2022, Ms. Foreacre filed a complaint in the Court of Common Pleas of Philadelphia County against Wal-Mart Stores, Inc., seeking damages for her "severe physical pain, mental anguish and humiliation" and her "severe loss and impairment of her potential earning capacity and power, all of which will be to her great financial damage and loss." Compl. ¶¶ 14–15. Ms. Foreacre's complaint demanded damages in excess of $50,000. Pursuant to Pennsylvania Rule of Civil Procedure 1021(c), this demand suggests that Ms. Foreacre's case was a major jury case not eligible for arbitration referral. Pa. R. Civ. P. 1021(c); *see also Berry v. Wal-Mart Stores, E., L.P.*, 583 F. Supp. 3d 671, 673 n.1 (E.D. Pa. 2022). The complaint was served on Wal-Mart Stores, Inc. on June 11, 2022. Ms. Foreacre filed a stipulation to add Wal-Mart Stores East, LP to her complaint on July 26, 2022.

On June 16, 2022, Ms. Foreacre began to produce discoverable documents to Walmart via emailed Dropbox link. Ms. Foreacre supplemented the document production via emails dated up to and including August 11, 2022. According to Ms. Foreacre, the documents she provided, including her record of lost wages, tax records, COBRA health insurance premiums, and medical bills and co-pays, put Walmart on notice, as early as June 16, 2022, that her case was removable.

Walmart contends that Ms. Foreacre did not provide all of this information on June 11, 2022, or even by August 11, 2022. Instead, they allege that by September 20, 2022, Ms. Foreacre's document production revealed medical bills totaling $41,610.41 and a wage loss calculation totaling $23,949.55.[2] Therefore, the medical bills and wage loss calculations provided by Ms. Foreacre and received by Walmart prior to September 20, 2022 amounted to $65,559.96.[3]

---

[2] Walmart notes that the produced wage loss calculation was a spreadsheet prepared by Ms. Foreacre's counsel, and she failed to provide any true documented support, such as wage statements or tax returns.

[3] Ms. Foreacre initially suggested in her motion to remand that as of August 11, 2022, the documents produced indicated that she had sustained economic damages of $120,373.81. At a hearing held by the

2

On September 23, 2022, Ms. Foreacre filed in state court a Case Management Conference Memorandum (CMCM) summarizing her injuries and making a demand of $1,000,000 for her pain, suffering, and other damages.

The Walmart defendants filed a Notice of Removal on October 21, 2022 on the basis of diversity jurisdiction, arguing that the CMCM was the first notice they had that the amount in controversy exceeded $75,000. Shortly thereafter, on October 25, 2022, Ms. Foreacre filed the pending motion to remand, arguing that removal was not timely because Walmart had been on notice that the case was removable as early as June 16, 2022. Walmart filed its opposition, and the Court held a hearing on the motion. The motion is now ripe for decision.

### LEGAL STANDARDS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant." 28 U.S.C. § 1441(a). A plaintiff seeking to challenge removal to federal court may move to remand her case to state court based on procedural defects in the removal process. 28 U.S.C. § 1447(c). The removing party bears the burden of showing that removal is proper. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

The removal procedure is set forth in 28 U.S.C. § 1446. Generally, the defendant has 30 days after its receipt of the initial pleading to remove a civil action. 28 U.S.C. § 1446(b)(1). If, however, "the case stated by the initial pleading is not removable," notice of removal must be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the

---

Court on December 16, 2022, however, Ms. Foreacre conceded that as of 30 days before Walmart filed its notice of removal, she had only disclosed economic losses of about $65,000.

3

case is one which is or has become removable."[4] 28 U.S.C. § 1446(b)(3); *see also McLaren v. UPS Store Inc.*, 32 F.4th 232, 238 (3d Cir. 2022).

Under the bright-line rule recently embraced by the Third Circuit Court of Appeals, the 30-day clock begins to run only when "the four corners" of a document alert the reader that the requirements of federal jurisdiction have been met. *McLaren*, 32 F.4th at 238. "The plain language of the statute focuses only on what a defendant receives." *Id.* The standard is objective: "the issue is not what the defendant knew, but what the relevant document said." *Kukla v. Wal-Mart Stores E., LP*, No. 17-cv-4528, 2017 WL 6206261, at *4 (E.D. Pa. Dec. 8, 2017) (quoting *In re Asbestos Prods. Liab. Litig. (No. VI)*, 770 F. Supp. 2d 736, 740 (E.D. Pa. 2011)). The defendant is under no obligation to independently investigate the removability of the matter. *Kukla*, 2017 WL 6206261, at *4. So "if a [c]omplaint does not plead specific damages, and does not otherwise make clear that the amount in controversy exceeds $75,000, the 30-day clock for removal does not begin to run until the defendant receives a document that clearly states the amount in controversy is more than $75,000." *Worldwide Exec. Job Search Sols., LLC v. N. Bridge Grp.*, No. 17-cv-1907, 2017 WL 5762392, at *2 (D.N.J. Nov. 27, 2017).

## DISCUSSION

Ms. Foreacre argues that this case was not timely removed because Walmart "first received the requisite written notice of *facts* which make the case removable when [Ms. Foreacre] produced her discoverable documents by email to [Walmart] via Dropbox link on June 16, 2022 and supplemented by emails on a rolling basis up to and including August 11, 2022, all of which provided [Walmart] with actual notice that [her] damages far surpass th[e] $75,000 threshold."

---

[4] A wide array of documents may constitute "other paper." *Bishop v. Sam's E., Inc.*, No. 08-cv-4550, 2009 WL 1795316, at *4 (E.D. Pa. June 23, 2009). No party argues that either the discoverable documents provided by Ms. Foreacre or the CMCM would not qualify as "other paper" for purposes of 28 U.S.C. § 1446(b)(3).

Pl.'s Mem. of Law in Support of Mot. to Remand, at 5. Despite her later concession that by September 20, 2022, she had only disclosed an alleged sum of medical bills and lost wages of $65,559.96, Ms. Foreacre reasons that Walmart should have projected the economic value for lost future earnings and appraised the value of Ms. Foreacre's serious and permanent injuries based on the produced medical records and reports.

During oral argument, Ms. Foreacre's counsel suggested that once Walmart was on notice that Ms. Foreacre was alleging $65,000 in damages, Walmart's counsel, as an experienced law firm, had a duty to inquire as to whether the amount in controversy exceeded $75,000. However, Walmart and its counsel did not have such a duty. *Kukla*, 2017 WL 6206261, at *4 (finding that a defendant is "not required to deduce removability of the matter by conducting an internal investigation under the four corners approach"). Accepting Ms. Foreacre's argument would subvert the perceived benefits of using a bright-line rule in determining the timeliness of a notice of removal. Rather than advancing judicial economy and discouraging evasive and ambiguous pleading, Ms. Foreacre's approach would have courts attempt to peer into defendants' minds and apply different standards to defendants' counsel based on their degree of experience or intuition. *McLaren*, 32 F.4th at 238–39. It would also promote the use of gamesmanship in pleadings and "other papers" by plaintiffs to obscure the limited window for removal. *Id.* at 239. The Court declines to blur the analysis required by the bright-line rule.

Here, Walmart was not on notice that the jurisdictional amount-in-controversy threshold had been met until the submission of the CMCM. The CMCM was the first "other paper" received by Walmart clearly stating that the amount in controversy exceeded $75,000, thereby triggering the 30-day window for removal. *See Miller v. Whole Foods Mkt., Inc.*, No. 22-cv-2495, 2022 WL 16950265, at *3 (E.D. Pa. Nov. 15, 2022) (noting that defendant was not on notice as to the

removability of a complaint that alleged the plaintiff had suffered serious and permanent injuries and her husband had lost the companionship and consortium of his wife without alleging any monetary amounts, until the filing of a CMCM clarified the demand was for $1,000,000). Walmart removed the case on October 21, 2022, within 30 days after its receipt of the CMCM on September 23, 2022. Therefore, the removal was timely and not procedurally defective.

Ms. Foreacre relies solely on the alleged procedural timing defect of the removal in her motion to remand and does not argue that the parties are not diverse. Ms. Foreacre is a citizen and resident of Pennsylvania. Wal-Mart Stores, Inc., now known as Walmart Inc., is incorporated in Delaware while Wal-Mart Stores East, LP is a Delaware limited partnership, both with principal places of business in Arkansas. Ms. Foreacre also does not contend that the amount in controversy falls short of $75,000, given that her CMCM stated a demand of $1,000,000. The Court concludes that it has diversity jurisdiction over this matter.

## CONCLUSION

For the foregoing reasons, Ms. Foreacre's Motion to Remand is denied. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE\